# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIYA PERELMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　　　Defendant. | NO. CV 10-00190 SS<br><br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## INTRODUCTION

Plaintiff Liliya Perelman ("Plaintiff") brings this action seeking to reverse the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying her application for Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

## II.

**PROCEDURAL HISTORY**

On February 13, 2006, Plaintiff filed an application for SSI claiming that she became disabled on February 1, 2005. (Administrative Record ("AR") 96). The Agency denied her application and she submitted a request for reconsideration on December 15, 2006. (AR 82). The Agency denied her application again on February 2, 2007. (AR 83-87). Plaintiff then requested a hearing, (AR 89), which was held before Administrative Law Judge ("ALJ") Lawrence D. Wheeler on April 10, 2008. (AR 49). Plaintiff appeared with counsel and testified. (AR 51-73).

On June 26, 2008, the ALJ issued a decision denying benefits. (AR 10-20). Plaintiff sought review before the Appeals Council, which denied the request on November 12, 2009. (AR 3-5). Plaintiff filed the instant action on January 14, 2010.

## III.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. See Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998)

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

(citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. See Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). See Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. See Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## IV.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

4

gainful employment since January 1, 2006.  (AR 19).  At step two, the ALJ found that Plaintiff had "the severe impairments of hypertension, seizure disorder, [and] unspecified musculoskeletal conditions and headaches."  (Id.).

At step three, the ALJ found that Plaintiff's impairments, either singly or in combination, do not meet or equal the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 19).  At step four, the ALJ determined that Plaintiff retained a physical RFC for "a full range of medium work involving no more than occasional climbing and stooping and no concentrated exposure to hazards (including unprotected heights and dangerous machinery []and duties can be performed using the Russian language)."  (Id.).

At step five, the ALJ found that based on Plaintiff's age, educational background, work experience, RFC and the vocational expert's testimony, Plaintiff's "limitations do not preclude performance of past relevant work [as a] home health aide." (AR 19).  Accordingly, the ALJ found that Plaintiff was not disabled.  (Id.).

**V.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole.

Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

## VI.

## DISCUSSION

**Remand Is Required Because The Record Does Not Support A Finding That Plaintiff Has Any Past Relevant Work**

Plaintiff contends that the ALJ erred because the record does not support a finding that Plaintiff has any past relevant work. (See Plaintiff's Memorandum in Support of Complaint ("Complaint Memo.") at 4). Specifically, Plaintiff argues that her prior work as a home health aide does not qualify as past relevant work because she never earned more than the minimum threshold amount per month. (See id. at 5). The Court agrees that remand is required on this issue.

A plaintiff's prior work qualifies as "past relevant work" for purposes of a disability benefits application "when it was done within the last 15 years, lasted long enough for [the plaintiff] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 416.965. Thus, there are three elements to the existence of past relevant work: (1) recency; (2) duration; and (3) substantial gainful activity. See Social Security Ruling 82-62, available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR82-62-di-02.html. Plaintiff does not dispute the first two elements and focuses instead on whether her prior work as a home health aide constitutes substantial gainful activity. (See Complaint Memo. at 5) ("There does not exist any question about the elements of recency or temporal duration. The question is whether [Plaintiff] ever worked as a home health aide or any other work that amounted to substantial gainful activity.").

Prior work performed between January of 1990 and June of 1999 constitutes substantial gainful activity if the plaintiff earned more than $500 per month on average. See 20 C.F.R. § 416.974(b)(2)(i) (Table 1). Prior work performed between July of 1999 and December of 2000 constitutes substantial gainful activity if the plaintiff earned more than $700 per month on average. See id. Prior work performed after January 1, 2001 constitutes substantial gainful activity if the plaintiff earned on average per month more than $740 in 2001, $780 in 2002, $800 in 2003, $810 in 2004, $830 in 2005, $860 in 2006, $900 in 2007, $940 in 2008, $980 in 2009, and $1,000 in 2010. See Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

Here, the Agency determined that Plaintiff's prior work as a home health aide did not constitute substantial gainful activity when it initially denied her application. (AR 79). The ALJ rejected the Agency's determination and instead found that Plaintiff's prior work as a home health aide did constitute substantial gainful activity. (AR 18). The ALJ reasoned that Plaintiff's stated earnings in her Disability Report of $500 per month from January of 1997 to August of 1998 and $600 per month from February of 2003 to February of 2005, (AR 105), satisfied the minimum threshold amounts. (AR 18). The ALJ also noted that Plaintiff reported earnings of $1,826.55 for 2005, (AR 102), and found that this constituted substantial gainful activity. (AR 19).

Plaintiff argues that the record does not support the ALJ's finding that her prior work constitutes substantial gainful activity. (See Complaint Memo. at 5). Indeed, Plaintiff stated in her Disability Report that she earned $500 per month from January of 1997 to August of 1998 and $600 per month from February of 2003 to February of 2005. (AR 105). These monthly earnings do not satisfy the minimum thresholds to constitute substantial gainful activity. As set forth above, prior work performed between January of 1990 and June of 1999 constitutes substantial gainful activity only if the plaintiff earned more than $500 per month on average. See 20 C.F.R. § 416.974(b)(2)(i) (Table 1). Thus, Plaintiff's stated average monthly earnings of $500 is insufficient. Similarly, prior work performed in 2003, 2004, and 2005 constitutes substantial gainful activity only if the plaintiff earned more per month than $800, $810, and $830 respectively. See Monthly Substantial Gainful Activity Amounts Chart, available at

http://www.ssa.gov/OACT/COLA/sga.html. Thus, Plaintiff's stated average monthly earnings of $600 is insufficient.

In her Disability Report, Plaintiff stated that she earned only $2,881.52 in 1997, $3,407.54 in 1998, and $1,826.55 in 2005. (AR 102). Based on her total annual earnings, Plaintiff earned only $240.13 per month in 1997 and $283.96 per month in 1998. Because Plaintiff did not earn more than $500 per month on average, her prior work in 1997 and 1998 does not constitute substantial gainful activity. See 20 C.F.R. § 416.974(b)(2)(i) (Table 1). Plaintiff argues that her 2005 earnings represents three months of earnings because a "logical pattern of payment for in home care services [is] at least a month in arrears." (Complaint Memo. at 6). If Plaintiff earned only $1,826.55 per month for three months from the end of 2004 to the beginning of 2005, her average monthly earnings would be $608.85 and would not meet the minimum threshold to constitute substantial gainful activity. See Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html. The record does not clearly indicate how many months earnings are represented by the $1,826.55 Plaintiff earned in 2005. (AR 102, 105). This discrepancy should be clarified on remand.

The Court concludes that remand is appropriate because additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). On remand, the ALJ must properly apply the minimum threshold earnings requirements to determine whether Plaintiff's prior work as a home health aide constitutes substantial

gainful activity.  To the extent Plaintiff's Disability Report does not clearly state her monthly earnings, the ALJ should clarify any ambiguity by further developing the record, either through documents or testimony.

## VII.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 30, 2010

```
                      _____/S/_____
                           SUZANNE H. SEGAL
                      UNITED STATES MAGISTRATE JUDGE
```